**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

DELORIS WOODS,

                            Plaintiff,

v.                                    Civil Action No.  2:18-cv-01234

WELLS FARGO BANK DEALER
SERVICES INC.,

                            Defendant.

_____

## ANSWER TO COMPLAINT

Reserving all rights and remedies available to it, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") hereby answers Plaintiff's Complaint as follows.

## GENERAL DENIAL

Each and every allegation of the Complaint is expressly denied unless specifically admitted, qualified, or explained herein.  Wells Fargo denies the unnumbered Paragraph under the heading "Complaint."

## FOR A FIRST DEFENSE

1.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and, therefore, denies those allegations.

2.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and, therefore, denies those allegations.

3.      In response to the allegations of Paragraph 3, Wells Fargo admits that it is a national bank that does business in West Virginia.  Wells Fargo denies any remaining allegations contained in Paragraph 3.

4.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and, therefore, denies those allegations.

5.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and, therefore, denies those allegations.

6.      To the extent Paragraph 6 references payments to Wells Fargo regarding a vehicle loan, Wells Fargo craves reference to payment history and denies any allegations inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 6.

7.      To the extent Paragraph 7 references Plaintiff's GAP insurance policy, Wells Fargo craves reference to the language of the GAP insurance policy and denies any allegations inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 7.

8.      To the extent Paragraph 8 references correspondence between Wells Fargo and the alleged GAP Insurer, Wells Fargo craves reference to the correspondence and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 8.

9.      To the extent Paragraph 9 references payments to Wells Fargo regarding a vehicle loan, Wells Fargo craves reference to payment history and denies any allegations

inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 9.

10.    To the extent Paragraph 10 references correspondence addressing Plaintiff's loan balance, Wells Fargo craves reference to the correspondence and denies any allegations inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 10.

11.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and, therefore, denies those allegations.

12.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and, therefore, denies those allegations.

13.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 and, therefore, denies those allegations.

14.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and, therefore, denies those allegations.

15.    Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and, therefore, denies those allegations.

16.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 and, therefore, denies those allegations.

17.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and, therefore, denies those allegations.

18.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and, therefore, denies those allegations.

19.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and, therefore, denies those allegations.

20.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and, therefore, denies those allegations.

21.     Wells Fargo denies the allegations contained in Paragraph 21.

22.     Wells Fargo denies the allegations contained in Paragraph 22.

23.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and, therefore, denies those allegations.

24.     To the extent Paragraph 24 references correspondence between Plaintiff and Wells Fargo addressing Plaintiff's loan balance, Wells Fargo craves reference to the

correspondence and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 24.

25.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and, therefore, denies those allegations.

26.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 and, therefore, denies those allegations.

27.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 and, therefore, denies those allegations.

28.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 and, therefore, denies those allegations.

29.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 and, therefore, denies those allegations.

30.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 and, therefore, denies those allegations.

31.     To the extent Paragraph 31 references correspondence between Plaintiff and Wells Fargo addressing Plaintiff's loan balance, Wells Fargo craves reference to the

correspondence and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 31.

32.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 and, therefore, denies those allegations.

33.     The allegations contained in Paragraph 33 are a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 33.

34.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 and, therefore, denies those allegations.

35.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 and, therefore, denies those allegations.

36.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 and, therefore, denies those allegations.

37.     The allegations contained in Paragraph 37 are a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 37.

38.     The allegations contained in Paragraph 38 are a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 38.

39.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 and, therefore, denies those allegations.

40.     To the extent Paragraph 40 references payments to Wells Fargo regarding a vehicle loan, Wells Fargo craves reference to payment history and denies any allegations inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 40.

41.     To the extent Paragraph 41 references payments to Wells Fargo regarding a vehicle loan, Wells Fargo craves reference to payment history and denies any allegations inconsistent therewith.   Wells Fargo denies any remaining allegation contained in Paragraph 41.

42.     Wells Fargo denies the allegations contained in Paragraph 42.

43.     Wells Fargo denies the allegations contained in Paragraph 43.

44.     Wells Fargo denies the allegations contained in Paragraph 44.

45.     Wells Fargo denies the allegations contained in Paragraph 45.

46.     Wells Fargo denies the allegations contained in Paragraph 46.

47.     Wells Fargo denies the allegations contained in Paragraph 47.

## COUNT I
## Breach of Contract

48.     Responding to Paragraph 48, Wells Fargo incorporates its responses in Paragraphs 1-47 as if set forth fully herein.

49.     To the extent Paragraph 49 references loan documents, Wells Fargo craves reference to the loan documents and denies any allegations inconsistent therewith.  Wells Fargo denies any remaining allegation contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 are a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 50.

51.     Wells Fargo denies the allegations contained in Paragraph 51.

52.     Wells Fargo denies the allegations contained in Paragraph 52.

53.     Wells Fargo denies the allegations contained in Paragraph 53.

54.     Wells Fargo denies the allegations contained in Paragraph 54.  Wells Fargo also denies the allegations in the Paragraph beginning "WHEREFORE," including its subparts (a) through (c), and any relief she seeks thereunder.

**COUNT II**
**Violation of the Fair Credit Reporting Act**

55.     Responding to Paragraph 55, Wells Fargo incorporates its responses in Paragraphs 1-54 as if set forth fully herein.

56.     Wells Fargo denies the allegations contained in Paragraph 56.

57.     Wells Fargo denies the allegations contained in Paragraph 57.

58.     Wells Fargo denies the allegations contained in Paragraph 58.

59.     Wells Fargo denies the allegations contained in Paragraph 59.

60.     Wells Fargo denies the allegations contained in Paragraph 60.  Wells Fargo also denies the allegations in the Paragraph beginning "WHEREFORE," including its subparts (a) through (c), and any relief she seeks thereunder.

**COUNT III**
**Violation of the Fair Credit Reporting Act**

61.     Responding to Paragraph 61, Wells Fargo incorporates its responses in Paragraphs 1-60 as if set forth fully herein.

62.     Wells Fargo denies the allegations contained in Paragraph 62.

63.     Wells Fargo denies the allegations contained in Paragraph 63.

64.     Wells Fargo denies the allegations contained in Paragraph 64.

65.     Wells Fargo denies the allegations contained in Paragraph 65.

66.     Wells Fargo denies the allegations contained in Paragraph 66.  Wells Fargo also denies the allegations in the Paragraph beginning "WHEREFORE," including its subparts (a) through (c), and any relief she seeks thereunder.

**COUNT IV**
**Violation of the Fair Credit Reporting Act**

67.     Responding to Paragraph 67, Wells Fargo incorporates its responses in Paragraphs 1-66 as if set forth fully herein.

68.     Wells Fargo denies the allegations contained in Paragraph 68.

69.     Wells Fargo denies the allegations contained in Paragraph 69.

70.     Wells Fargo denies the allegations contained in Paragraph 70.  Wells Fargo also denies the allegations in the Paragraph beginning "WHEREFORE," including its subparts (a) through (c), and any relief she seeks thereunder.

**COUNT V**
**Unlawful Debt Collection**

71.     Responding to Paragraph 71, Wells Fargo incorporates its responses in Paragraphs 1-70 as if set forth fully herein.

72.     Wells Fargo denies the allegations contained in Paragraph 72.

73.     Wells Fargo denies the allegations contained in Paragraph 73.

74.     Wells Fargo denies the allegations contained in Paragraph 74.  Wells Fargo also denies Plaintiff is entitled to a jury trial.

## FOR A SECOND DEFENSE

Plaintiff's Complaint fails to state a claim for relief against Wells Fargo upon which relief may be granted and, therefore, should be dismissed.

## FOR A THIRD DEFENSE

Plaintiff's claims may be subject to an enforceable arbitration agreement and Wells Fargo reserves the right to enforce that agreement.

## FOR A FOURTH DEFENSE

Plaintiff is comparatively or contributorily at fault for her damages, if any.

## FOR A FIFTH DEFENSE

Plaintiff failed to mitigate her damages, if any exist and are proven at trial.

## FOR A SIXTH DEFENSE

Any alleged violation of the Fair Credit Reporting Act and/or West Virginia Consumer Credit and Protection Act was unintentional and the result of a bona fide error, notwithstanding procedures reasonably adopted and maintained by Wells Fargo to avoid the alleged violation errors.

## FOR A SEVENTH DEFENSE

Wells Fargo pleads the defense of set off.  To the extent that Plaintiff obtains any monetary recovery against Wells Fargo, such recovery should be set off by the amounts owed by Plaintiff, including, but not necessarily limited to, amounts owed on the loan referenced in Plaintiff's Complaint.

## FOR AN EIGHTH DEFENSE

Plaintiff's state law claims are pre-empted, in whole or in part, by federal law, including, but not limited to, the Fair Credit Reporting Act and/or the Fair Debt Collections Practices Act.

## FOR A NINTH DEFENSE

Plaintiff's claims in equity are barred because she have an adequate remedy at law.

## FOR A TENTH DEFENSE

Plaintiff's causes of action under the Fair Credit Reporting Act and/or the West Virginia Consumer Credit and Protection Act are barred because Wells Fargo was in compliance with the Fair Credit Reporting Act and/or the West Virginia Consumer Credit and Protection Act with respect to any communications or transactions with Plaintiff.

## FOR AN ELEVENTH DEFENSE

Penalties sought by Plaintiff under the West Virginia Consumer Credit and Protection Act are punitive in nature and will deprive Wells Fargo of Due Process guaranteed under the United States Constitution and the Constitution of West Virginia. Therefore, the remedies requested by Plaintiff are unconstitutional and should be barred.

## FOR A TWELFTH DEFENSE

To the extent Plaintiff seeks punitive or exemplary damages, those claims violate Wells Fargo's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of West Virginia.

## FOR A THIRTEENTH DEFENSE

Plaintiff's damages, to the extent she has any, were proximately caused by the acts or omissions of third parties and not by the acts or omissions of Wells Fargo.

## FOR A FOURTEENTH DEFENSE

Wells Fargo would show that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, statute of limitations, and unclean hands.

## FOR A FIFTEENTH DEFENSE

Wells Fargo would show that Plaintiff's claims for violations of the Fair Credit Reporting Act and/or the West Virginia Consumer Credit and Protection Act are barred because Wells Fargo acted with Plaintiff, or Plaintiff's counsel's, consent.

## FOR A SIXTEENTH DEFENSE

Plaintiff's damages, if any exist and are proven at trial, were proximately caused by Plaintiff's own acts or omissions, and not by the acts or omissions of Wells Fargo.

## FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the plain terms of the applicable contracts, loan documents, and deeds of trust.

## FOR AN EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release and/or accord and satisfaction.

## FOR A NINETEENTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

## FOR A TWENTIETH DEFENSE

Plaintiff has failed to properly state or plead the elements of her claims, and Wells Fargo therefore pleads and reserves all available defenses under Fed. R. Civ. P. 12(b).

## ADDITIONAL DEFENSES

Defendant reserves the right to amend and supplement its affirmative defenses to include any applicable defense of law or fact.

**WHEREFORE,** Defendant Wells Fargo Bank, N.A., by counsel, respectfully requests the Court to dismiss all of Plaintiff's claims, with prejudice, to enter judgment in favor of Wells Fargo against Plaintiff, to award Wells Fargo its costs and attorneys' fees expended herein, and for such other and further relief as the Court may deem just and appropriate.

**WELLS FARGO BANK, N.A.**

By: s/Matthew D. Patterson
Matthew D. Patterson (WVSB#11566)
E-Mail: matt.patterson@nelsonmullins.com

Matthew D. Patterson, Esquire
James H. Burns, Esquire (WVSB#11928)
E-Mail:  james.burns@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC  29201
(803) 799-2000

**COUNSEL FOR WELLS FARGO BANK, N.A.**

13